IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01861-GPG

MATTHEW S. GOMEZ,

    Applicant,

v.

EXECUTIVE DIRECTOR RICK RAEMISCH, CDOC,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Matthew S. Gomez, is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). Mr. Gomez initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). On September 9, 2015, he filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7). Mr. Gomez is challenging the DOC's computation of his prison sentence. As relief he seeks an order directing the DOC to recalculate his sentence and he seeks damages. The request for damages is not appropriate in this habeas corpus action and will not be addressed further. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

On October 6, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondent to file a preliminary response to the amended application limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state

remedies if Respondent intends to raise either or both of those defenses in this action. On November 9, 2015, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus (ECF No. 19) arguing that this action should be dismissed for failure to exhaust state remedies. On December 1, 2015, Mr. Gomez filed a reply (ECF No. 21) to the preliminary response.

The Court must construe the amended application and other papers filed by Mr. Gomez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

As noted above, Mr. Gomez is challenging the DOC's computation of his prison sentence. Mr. Gomez is serving sentences pursuant to his convictions in three separate Colorado criminal cases. He specifically claims his constitutional rights have been violated because the DOC has not granted him the correct amount of presentence confinement credit and has refused to apply the "one continuous sentence ruling" and governing state statutes in calculating his parole eligibility and mandatory release dates.

Mr. Gomez may not assert any constitutional claims challenging the computation of his sentence in a habeas corpus action in federal court unless he has exhausted state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation

requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Gomez fails to demonstrate or even allege that he has fairly presented his claims to the state's highest court.   Although he apparently has filed a postconviction motion in one of his state court cases that may be relevant to his constitutional claims in this action, Respondent asserts, and Mr. Gomez does not deny, that the motion remains pending in state district court.   Therefore, this action will be dismissed without prejudice for failure to exhaust state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended habeas corpus application (ECF No. 7) are denied and the action is dismissed without prejudice for failure to exhaust state court remedies.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   28th   day of   January  , 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court